UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SERE CONDE,                                            :
                                                       :
                        Plaintiff,     :   No. 11 Civ. 4010 (RJS)(THK)
                                                       :
        -against-                                 :
                                                       :
SISLEY COSMETICS USA, INC.,                            :
SAKS INCORPORATED, and                                 :
BHAGVAN DUGRE, *Individually*,                         :
                                                       :
                        Defendants.   :
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT SAKS INCORPORATED'S MOTION TO DISMISS

**THOMPSON WIGDOR LLP**

Douglas H. Wigdor
Lawrence M. Pearson
85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*COUNSEL FOR DEFENDANT
SAKS INCORPORATED*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT .........................................................................................................................2

    I.    PLAINTIFF'S ALLEGATIONS FAIL TO PLEAD AN EMPLOYMENT
        RELATIONSHIP WITH SAKS ...............................................................................2

    II.   PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO ESTABLISH
        SAKS AS A JOINT OR SINGLE EMPLOYER WITH SISLEY ................................5

    III.  SAKS IS NOT ALLEGED TO HAVE PARTICIPATED IN, OR HAD ANY
        KNOWLEDGE OF, THE ALLEGED DISRIMINATION OR RETALIATION .........7

    IV.  CONDE HAS NOT PLED THAT SHE WAS COSTRUCTIVELY
        DISCHARGED ..........................................................................................................9

    V.   CONDE'S TITLE VII CLAIM MUST BE DISMISSED .............................................10

CONCLUSION ......................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................................... 2

*Bell Atl. Corp., et al. v. Twombly, et al.*,
    550 U.S. 544 (2007) ......................................................................................................... 2

*Callahan v. Consol. Edison Co. New York, Inc.*,
    187 F. Supp. 2d 132 (S.D.N.Y. 2002) .............................................................................. 9

*Carmody v. Vill. Of Rockville Ctr.*,
    661 F.Supp. 2d 299 (E.D.N.Y. 2009) ............................................................................... 9

*Costa v. City of New York*,
    546 F. Supp. 2d 117 (S.D.N.Y. 2008) .............................................................................. 9

*Dean v. Westchester County Dist. Attorney's Office*,
    119 F. Supp. 2d 424 (S.D.N.Y. 2000) .............................................................................. 9

*Eaton v. Goodstein Mgmt., Inc.*,
    No. 97-CV-6582 (TPG), 1999 WL 1037868 (S.D.N.Y. Nov. 15, 1999) .......................... 6

*Fowler v. Scores Holding Co.*,
    677 F. Supp. 2d 673 (S.D.N.Y. 2009) .............................................................................. 5

*Gonzalez v. Allied Barton Soc. Servs.*,
    No. 08-CV-9291 (RJS) (RLE), 2010 WL 3766964 (S.D.N.Y. Sept. 7, 2010) ............ 3, 6, 7

*Gulino v. New York State Educ. Dept.*,
    460 F.3d 361 (2d Cir. 2006) ............................................................................................. 6

*Lihli Fashions Corp., Inc. v. NLRB*,
    80 F.3d 743 (2d Cir. 1996) ............................................................................................... 5

*Lima v. Addeco and/or Platform Learning, Inc.*,
    634 F. Supp. 2d 394 (S.D.N.Y. 2009*), aff'd sub nom,*
    375 F. App'x. 54 (2d Cir. 2010) ................................................................................... 7, 8

*Salamon v. Our Lady of Victory Hosp.*,
    514 F.3d 217 (2d Cir. 2008) ............................................................................................. 4

*Velez v. Novartis Pharmaceuticals Corp.*,
    244 F.R.D. 243 (S.D.N.Y. 2007) ................................................................................. 5, 6

Defendant Saks Incorporated ("Saks") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), to dismiss with prejudice Plaintiff Sere Conde's ("Conde" or "Plaintiff") Amended Complaint (the "Complaint," attached to the Declaration of Douglas H. Wigdor as Exhibit A) as against Saks.

## PRELIMINARY STATEMENT

Conde alleges that, while employed by Sisley at its counter within Saks' flagship location in New York City, she was subjected to discriminatory conduct by a Sisley employee on the basis of her race and national origin, and that she was constructively discharged by Sisley after engaging in protected activity. Conde has failed to allege sufficient facts to state a claim against Saks as her employer, and her Complaint contains only meager and conclusory allegations regarding tangential contacts with Saks during her employment. The various factual allegations scraped together by Plaintiff do not add up to an employment relationship with Saks of any kind. Furthermore, Conde seeks to embroil Saks in this lawsuit despite its complete lack of involvement in, or knowledge of, the alleged discriminatory and retaliatory conduct.

Indeed, even if Plaintiff's extraneous allegations and conclusory assertions were sufficient to allege an employment relationship, which they are not, the Complaint does not contain any factual allegations or support for imputing liability to Saks for any of the alleged discriminatory or retaliatory conduct. Plaintiff's opposition to Saks' motion is replete with mischaracterizations of the Complaint's allegations, and overstates the significance of her allegations of cursory contact with Saks personnel. The opposition papers simultaneously are devoid of any case support for finding an employment relationship based upon facts such as those in the instant matter. Conde's repeated pleas that discovery will allow her to uncover evidence to establish the basic fact of an employment relationship with Saks reveals the

insufficiency of her allegations. Conde's opposition also ignores numerous decisions cited by Saks in which a motion to dismiss was granted due to the inadequate pleading of an employment relationship with a defendant. Neither Plaintiff's tangential and conclusory allegations, nor her unsupported arguments should divert the Court from paring this matter to the appropriate parties. For the reasons set forth below, the Court should grant Saks' motion to dismiss.

## ARGUMENT

### I. PLAINTIFF'S ALLEGATIONS FAIL TO PLEAD AN EMPLOYMENT RELATIONSHIP WITH SAKS

The Complaint's scant allegations and conclusory assertions are not sufficient to establish an employment relationship between Conde and Saks. As conceded by Plaintiff, "threadbare recitals" of the elements of a cause of action through conclusory allegations will not sustain a claim, and a complaint must contain sufficient factual material for a court to draw a "reasonable inference" that a plausible basis for liability has been alleged in light of a court's "experience and common sense." (Pl. br. at p. 2). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009) (citing *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 555-556). Plaintiff attempts to bridge this gap by exaggerating the significance and mischaracterizing the nature of her tangential allegations regarding Saks.

For example, Plaintiff asserts in her opposition that Saks "issued statements relating to how much Plaintiff Conde was to earn" and that "records of compensation were maintained by Saks" (Pl. br. at pp. 1, 4), while neglecting to point out that, at most, these records are alleged to contain figures upon which Conde's commissions were calculated, while Sisley set her rate and method of pay. (Compl. ¶¶ 21, 24). Plaintiff also makes the specious claim that she somehow received "indirect compensation" from Saks because she worked within one of its stores. (Pl. br. at p. 3). Plaintiff's brief, however, provides no support for this novel concept or any explanation

2

for how it would be applied by the Court.  Plaintiff's failure to explain her allegations accurately demonstrates her inability to plead an employment relationship.  *See* Def. br. at 7.

Plaintiff also asserts that she could be disciplined or terminated by Saks, although those allegations are conclusory, and alleges that she was "forced out" of Saks because of a decision made by Saks.  (Pl. br. at pp. 1, 4; Compl. ¶¶ 27-28, 46).  The Complaint's allegation concerning Saks' alleged role in Conde's resignation are limited to a Saks employee's alleged comment that she was no longer allowed to work in Saks' store, whereas it was Sisley that decided to transfer Conde to Bloomingdale's.  (Compl. ¶¶ 51-54).  Plaintiff's opposition concedes that she is alleging only that Saks' purported decision resulted in her being "terminated from her position <u>in the store</u>," rather than from her employment with Sisley.  (Pl. br. at p. 3 (emphasis added)).

An entity's decision regarding the removal of a particular vendor's employee does not create an employment relationship.  *See Gonzalez v. Allied Baron Soc. Servs.*, No. 08-CV-9291 (RJS) (RLE), 2010 WL 3766964 at *3 (S.D.N.Y. Sept. 7, 2010) (no employment relationship where defendant DOT requested that plaintiff no longer be assigned as a guard at its facilities and defendant AlliedBarton made final decision regarding transfer or termination).  Sisley alone is alleged to have made the decision to transfer Conde to Bloomingdale's—rather than take some other action, such as terminating her, sending her to a different location or position, or trying to keep her at Sisley's location in Saks—and Sisley told her she would be terminated if she did not accept the transfer.  (Compl. ¶¶ 51-52).  Therefore, Plaintiff does not allege facts showing Saks could terminate her employment, but rather that Saks removed a particular vendor's employee.

Plaintiff argues that she was "approved for hiring by Saks," presumably based on her allegation regarding an interview in connection with her assignment to Saks by Sisley.  (Pl. br. at 4; Compl. ¶ 19).  The Complaint's allegations are not consistent with this assertion, however, as

3

they state that Conde "began working for Defendant SISLEY in the position of "Vendor Support" assigned to the New York Saks Fifth Avenue location" in the preceding paragraph. (Compl. ¶ 18). Therefore, Plaintiff alleges that she was hired by Sisley and that her function was that of a vendor, not an employee, of Saks. (Compl. ¶ 18). In fact, the Complaint merely states that, "Upon information and believe, (sic) Defendant SAKS maintained the ability to deny employment to Plaintiff Conde." (Compl. ¶ 19 (emphasis added)). Such a conclusory allegation, unsupported by factual allegations, is mere conjecture and must be disregarded.

None of the traditional employment/agency factors are satisfied by Plaintiff's allegations regarding Saks, which do not relate to: the hiring party's right to control how her job is done (Sisley hired her, supervised her and administered her employment), the job's skill requirements (Sisley filled the position), the tools and location of her job (Sisley assigned her to Saks, where she used and sold Sisley cosmetics), how long she worked for Sisley (she resigned from her job after Sisley changed her job location), her work schedule or assignments (no allegation that Saks controlled these), the basis, method, amount, and nature of Conde's compensation and benefits (Sisley set her compensation), whether she sold Sisley products only or those of other companies as well (no allegation that she sold products manufactured by or on behalf of Saks); or whether Conde was in any way an employee of Saks for tax purposes (as she certainly was for Sisley). *See Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008).

Sisley was Plaintiff's sole employer under the common law of agency according to her own allegations, which state that Sisley hired her, set her compensation and paid her, and decided to transfer her to Bloomingdale's. (Compl. ¶¶ 18, 20-21, 23, 46, 51-52). As the Complaint states: "On or about September 17, 2007, Plaintiff CONDE began working for Defendant Sisley." (Compl. ¶ 18). Plaintiff failed to allege any of the hallmarks of employment

4

with respect to Saks for herself or her supervisor, Bhagvan Dugre ("Dugre," who is alleged without factual support to be an employee of both Sisley and Saks on the same basis as Conde (Compl. ¶¶ 11, 29)). The allegations of the Complaint merely describe contact between the employees of two companies in an arm's length business relationship. Plaintiff's incidental contact with Saks personnel is not enough, based upon the case law or one's common sense or experience as a customer in stores hosting various vendors, to find Saks to be her employer.

## II. PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO ESTABLISH SAKS AS A JOINT OR SINGLE EMPLOYER WITH SISLEY

Numerous decisions by courts within the Second Circuit have dismissed complaints based on the lack of an adequately pled employment relationship. *See* Def. br. at 11, 13.[1] Here, Plaintiff fails to allege a joint or single employer relationship between Sisley and Saks.

The few cases cited by Plaintiff to argue that the issue of employment cannot be decided upon a motion to dismiss are distinguishable and unavailing. *See, e.g., Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (upholding NLRB finding of a single employer relationship where two entities were functionally integrated, had overlapping ownership and control, and shared a president); *Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673 (S.D.N.Y. 2009) (denying holding company's motion to dismiss where plaintiff alleged that defendants had "centralized control of labor relations, whereby its licensees followed uniform policies, standards, and common management"). No prior administrative finding has been made in the instant case, and no allegations of common policies or management are made in the Complaint.

---

[1] Conde makes no attempt to distinguish these cases in her opposition brief.

Plaintiff approvingly alludes to *Velez v. Novartis Pharmaceuticals*, 244 F.R.D. 243 (S.D.N.Y. 2007), and *Gonzalez,* 2010 WL 3766964 at *3.[2] The allegations or facts required by those cases in order to establish a plausible claim of single or joint employment, however, far outstrip Plaintiff's cleverly stated but scant allegations.  For instance, Conde has made no plausible allegation that Saks and Sisley jointly handled job applications, approved personnel status reports, or that Saks made the final decision regarding Conde's employment with Sisley. *See Velez* at 250.  Similarly, Plaintiff has failed to proffer factual allegations showing commonality of hiring, firing, pay, insurance or employment records between Sisley and Saks. *See Gonzalez* at *3; *Eaton v. Goodstein Mgmt., Inc.*, No. 97-CV-6582 (TPG), 1999 WL 1037868 at *8 (S.D.N.Y. Nov. 15, 1999) (granting motion to dismiss where plaintiff's "assertions that [defendant] controlled the terms and conditions of his employment are conclusory"). Instead, Plaintiff has peppered her Complaint with allegations that she tries to stretch in an effort to pass off the arm's length relationship between Sisley and Saks as joint employment.

The joint and single employer analyses apply only where "the plaintiff is an employee of a wholly owned corporate subsidiary [or] where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *See Gulino v. New York State Educ. Dept.*, 460 F.3d 361, 378 (2d Cir. 2006).  Plaintiff has failed to allege that any of these circumstances are present in the instant matter.[3]  The Complaint repeatedly states that Sisley was responsible for her employment, including her hire, compensation, alleged receipt of her complaint of

---

[2]   In *Velez* and *Gonzalez*, the courts found there was no single employer relationship or joint employer relationship, respectively. *Id.*

[3]   Indeed, Plaintiff fails to argue at all in her opposition that a single employer relationship existed between Saks and Sisley.

6

discrimination and failure to respond to same, as well as her suspension and the decision to transfer her. (Compl. ¶¶ 18, 21, 23, 39, 43, 51-54).

Plaintiff's allegations regarding an alleged "interview" with and a statement that she was no longer permitted to work in Saks' store by a Saks employee do not support a joint employer relationship. Again, the alleged facts are analogous to those in *Gonzalez v. Allied Barton Soc. Servs.*, *supra*. In that case, defendant AlliedBarton made decisions concerning the assignment and relocation of its guards and paid them. *See Gonzalez* at \*3. Significantly, although defendant New York City Department of Transportation ("DOT"), the putative joint employer, requested that AlliedBarton no longer assign plaintiff to its facilities due to finding him asleep on the job, the court found that "DOT's ability to request reassignment did not constitute an employer relationship" and DOT could not be a joint employer on that basis. *Id.* at \*4. The holding in *Gonzalez*, coupled with the immateriality of the Complaint's allegations concerning Saks, underlines Plaintiff's failure to state a claim against Saks as a joint employer.

### III. SAKS IS NOT ALLEGED TO HAVE PARTICIPATED IN, OR HAD ANY KNOWLEDGE OF, THE ALLEGED DISCRIMINATION OR RETALIATION

As a threshold matter, Plaintiff did not counter Saks' contention that she failed to plead that Saks subjected her to a hostile work environment. The sole basis for Plaintiff's claims against Saks in this regard is the conclusory allegation that Saks employed Dugre. (Compl. ¶¶ 11, 29). Other than this bare allegation, Conde makes no allegation that Saks engaged in discrimination. Even if Saks could be considered a joint employer based upon the Complaint, which it cannot, this fact alone is insufficient to hold Saks liable for discriminatory conduct in which it did not take part. *See Lima v. Addeco and/or Platform Learning, Inc.*, 634 F. Supp. 2d 394, 400-402 (S.D.N.Y. 2009), *aff'd sub nom.*, 375 F. App'x 54 (2d Cir. 2010); Def. br. at 15-16.

7

The Complaint also fails to allege that Saks had any knowledge that Conde was subjected to discrimination or retaliation, or that she engaged in protected activity. Plaintiff's aggregation of Saks, Sisley and Dugre under the umbrella term "Defendants," which she concedes is her only means of imputing such knowledge to Saks (Pl. br. at 5), is wholly insufficient to state a claim against Saks. It is well-established that this is an impermissible way to state a claim against an entity. *See Lima*, 634 F.Supp.2d at 402 (granting summary judgment where the only evidence of an employment relationship between defendant and plaintiff's employer was the interchangeable use of the names of the two entities in plaintiff's brief and declaration).

Plaintiff's retaliation claim is based upon complaints she made to Sisley employees ("Plaintiff CONDE reported Ms. Michael's illegal and discriminatory behavior to Scarlet Kelly, Defendant SISLEY's Account Coordinator;" Compl. ¶ 39 (emphasis added)) concerning the alleged discriminatory conduct of another Sisley employee ("Plaintiff CONDE observed Defendant SISLEY discriminating against numerous Arab customers;" Compl. ¶ 2 (emphasis added)). Conde's alleged complaint to Dugre about discriminatory behavior towards Arab customers also does not provide Plaintiff a means of bootstrapping her claims against Sisley into claims against Saks as Dugre is not alleged to have acted on behalf of or in the course of any duties for Saks in connection with alleged unlawful actions.

Plaintiff does not allege that she complained to any Saks employee or that Saks otherwise had any knowledge of the alleged protected activity, nor that Conde or Dugre were covered by Saks' employment policies, including its anti-discrimination or complaint procedure policies. The allegation that Saks employees were present when Dugre told Conde to leave work does not remedy this glaring gap in Plaintiff's pleadings, as no discussion of Conde's complaints is alleged to have taken place during this meeting with Saks employees or at any other time.

(Compl. ¶ 46). Therefore, Plaintiff has failed to plead a discrimination or retaliation cause of action against Saks. *See Callahan v. Consol. Edison Co. New York Inc.*, 187 F.Supp.2d 132, 138 (S.D.N.Y. 2002) (granting motion to dismiss where plaintiff failed to plead that defendant had any knowledge of her protected activity).

Plaintiff's claims against Saks as an aider and abettor must be dismissed as well. Plaintiff's contention that whether Saks' purported involvement was purposeful is a question of fact is an incorrect statement of the law, and ignores the lack of factual allegations that Saks was involved in the first instance. *See Carmody v. Vill. Of Rockville Ctr.*, 661 F.Supp. 2d 299, 335 (E.D.N.Y. 2009) (inapposite case in which question of fact was found on summary judgment regarding whether plaintiff's speech motivated decision to terminate him). Plaintiff's discrimination and retaliation claims against Saks are inadequately pled and must be dismissed.

## IV.   CONDE HAS NOT PLED THAT SHE WAS CONSTRUCTIVELY DISCHARGED

Conde alleges she was constructively discharged because no reasonable person would continue working after a transfer that resulted in a decrease in pay. This contention is patently false, as illustrated by *Costa v. City of New York*, 546 F. Supp. 2d 117 (S.D.N.Y. 2008). There, as here, plaintiff alleged he was constructively discharged when he was transferred to a precinct where his pay would be cut. 546 F. Supp. 2d at 119. Plaintiff's disingenuous argument that *Costa* is distinguishable because Conde's transfer might cause a decrease in pay further reveals her brief's failure to reflect accurately the holding and facts of the cited cases. It is well-established that a demotion is not a basis for a constructive discharge claim. *See Dean v. Westchester County Dist. Attorney's Office*, 119 F. Supp. 2d 424, 431 (S.D.N.Y. 2000) (granting motion to dismiss constructive discharge claim where plaintiff alleged she was demoted and her pay would be reduced). Accordingly, Conde's constructive discharge claim must be dismissed.

## V.     CONDE'S TITLE VII CLAIM MUST BE DISMISSED

Plaintiff contends that her EEOC charge satisfied her administrative obligations under Title VII regarding Saks because it mentions Saks' store as her work location for Sisley.[4] If an entity is not named as a respondent in an EEOC charge, the federal district courts do not have subject matter jurisdiction over a Title VII claim against that entity. *See* Def. br. at 22-24. If Conde believed Saks was her employer or took part in the alleged discrimination, Saks should have been included as a respondent on her EEOC charge. Conde's purported lack of "sophistication" does not excuse this obvious deficiency. As a result of Conde's failure to name Saks as a Respondent, Saks had no notice of or opportunity to respond to her EEOC charge. There is no equitable argument that the interests of justice compel the Court to allow Plaintiff to pursue a Title VII claim against Saks. Rather, the circumstances require dismissal of the Title VII claim, particularly since far more than 300 days have passed since Conde resigned her employment with Sisley, thus barring any EEOC charge against Saks.

Furthermore, the Court should deny any new request by Plaintiff to amend her Complaint. After being informed of the basis for Saks' motion, the Court afforded Plaintiff a full opportunity to amend her Complaint and include all allegations regarding Saks. It is not the Court's, or Saks', role to coach Plaintiff on how to plead her claims or guide her towards a combination of factual assertions that somehow could state plausible claims against Saks. If Conde was aware of material facts that would state claims against Saks, she presumably would have included them in her Complaint.

---

[4]     Conde also alleges that the EEOC charge mentions Saks as the entity with which she worked, but no such allegation appears in the charge. (Wigdor Decl. Ex. B).

## CONCLUSION

For all the foregoing reasons, Defendant Saks respectfully requests that Plaintiff's Complaint be dismissed as to all the claims against Saks.

Dated: December 14, 2011
      New York, New York

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
    Douglas H. Wigdor
    Lawrence M. Pearson

85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
dwigdor@thompsonwigdor.com
lpearson@thompsonwigdor.com

*COUNSEL FOR DEFENDANT SAKS INCORPORATED*

## CERTIFICATE OF SERVICE

I, Lawrence M. Pearson, an attorney at Thompson Wigdor LLP, hereby certify that a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendant Saks Incorporated's Motion to Dismiss was served via ECF AND electronic mail this 14th day of December, 2011, upon the following:

> William K. Phillips
> Jesse C. Rose
> PHILLIPS & PHILLIPS
> Attorneys at Law, PLLC
> 30 Broad St,; 35th Fl.
> New York, NY 10004
> Tel: (212) 587-0760
> Email: WKPhillips@tpglaws.com
> Email: JRose@tpglaws.com
>
> *COUNEL FOR PLAINTIFF*
>
> Peter Metis
> Schnuafer & Metis, LLP
> 280 North Central Avenue
> Hartsdale, NY 10530
> Tel: 914-288-9700
> Email: pmetis@sm-law.net
>
> *COUNSEL FOR DEFENDANT*
> *SISLEY COSMETICS USA, INC.*

Dated: December 14, 2011
      New York, New York

_____
Lawrence M. Pearson