C3cdconc
                              CONFERENCE

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    SERE CONDE,

 4                    Plaintiff,          New York, N.Y.

 5              v.                          11 Civ. 4010 (RJS)

 6    SISLEY COSMETICS USA, INC., et
      al.,
 7
                      Defendants.
 8
      ------------------------------x
 9
                                         March 12, 2012
10                                       9:05 a.m.

11    Before:

12                    HON. RICHARD J. SULLIVAN,

13                                       District Judge

14                         APPEARANCES

15    THE WHITE ROSE GROUP LLC
           Attorneys for Plaintiff
16    BY:  JESSE C. ROSE

17    SCHNUAFER & METIS, LLP
           Attorneys for Defendant
18         Sisley Cosmetics USA, Inc. and Bhagvan Dugre
      BY:  PETER METIS
19
      THOMPSON WIGDOR & GILLY LLP
20         Attorneys for Defendant Saks Inc.
      BY:  LAWRENCE M. PEARSON
21

22

23

24

25

C3cdconc

CONFERENCE

1          (Case called; all sides ready)

2          THE COURT:  Good morning to each of you.

3          This was scheduled for a post-discovery conference,

4    but in the interim Saks has filed its motion, which was fully

5    briefed at the end of December, and I have not resolved that

6    motion yet.  So I think I asked my law clerk to reach out to

7    the parties to see if we should adjourn this or whether it made

8    sense to at least use this as a status conference.  And so I

9    think the consensus was perhaps the latter.

10          So, tell, me what's going on with discovery at this

11   point.  Whoever?

12          MR. ROSE:  Sure.  The plaintiff has been deposed by

13   Sisley.  We deposed two of the individual defendants and one

14   witness from Sisley and noticed another deposition of someone

15   who doesn't work there anymore.  We're in the process of

16   getting their contact information.

17          The remainder of the witnesses that we would like to

18   depose are employed by Saks.  And so we are waiting until we

19   find out if they are attending or not.

20          THE COURT:  Would they be witnesses who would be

21   deposed as third parties, if they weren't?  Say I ruled in

22   favor of Saks, would these be witnesses you are still going to

23   depose?

24          MR. ROSE:  Yes.  Then it would be under different

25   circumstances if they were a party.

C3cdconc

CONFERENCE

1       THE COURT:  It would make that much of a difference in

2  terms of the subject matter covered?

3       MR. ROSE:  Yes, it would.

4       THE COURT:  OK.  Once the motion is resolved, how long

5  about for discovery do you think, ballpark?  It may turn in

6  part on how I rule.  But from your perspective, if the motion

7  were denied, how long would it take the remainder of discovery

8  to wrap up?

9       MR. ROSE:  I would say three months.  We could serve

10  discover demands in a week, and then if we got them within 30

11  days, then 45 days for depositions would be plenty.

12       THE COURT:  All right.  How many more depositions do

13  you think would remain if Saks were still in the case?

14       MR. ROSE:  I believe we have four to five.

15       THE COURT:  OK.  All right.  And defense counsel feel

16  that is basically right?

17       MR. METIS:  That is basically right.  As defendant

18  Sisley, we still have some additional discovery to do, as well,

19  of Saks and maybe a nonparty witness and that is it.  I think

20  that's plenty of time to finish discovery.

21       THE COURT:  All right.  Experts?  Anybody

22  contemplating experts?

23       MR. METIS:  We don't have any experts.

24       MR. PEARSON:  No, your Honor.  Three months sounds

25  about right.

C3cdconc
CONFERENCE

1        MR. ROSE:  We are probably going to have an emotional

2    damages expert.

3        THE COURT:  Oh, you are.  All right.

4        Well, why don't we do this.  Why don't we schedule the

5    Saks' motion, I think, for an oral argument.  I think it will

6    probably have to be, given my trial schedule, the end of a

7    April or so.  How does that work?

8        (Pause)

9        Monday, April 30th, in the afternoon; does that work?

10       MR. PEARSON:  Yes, your Honor.

11       THE COURT:  2:30 p.m., Monday, April 30.

12       OK.  I'm sorry this hasn't taken longer.  Sometimes

13   between my trial schedule and bench trials, which really can be

14   a time sucker, this is just what happened.

15       Something you want to say, Mr. Rose?

16       MR. ROSE:  Yes, your Honor.  If we have that much time

17   before the oral argument, I was going to request if we could

18   submit supplemental information that would be relevant that was

19   obtained during discovery to the motion itself.

20       THE COURT:  What do you have in mind?

21       MR. ROSE:  Some of the testimony during deposition

22   went to Saks' involvement in Ms. Conde's employment as well as

23   her termination.

24       THE COURT:  All right.  I mean, this is basically a

25   motion that does turn in part on -- well, let me hear from

C3cdconc

CONFERENCE

1    Mr. Pearson.

2            MR. PEARSON:  Certainly, your Honor.

3            Saks, as an observer, attended all of the depositions

4    that have been taken thus far including plaintiff, the

5    individual defendant Dugre, and another witness.  And, really,

6    from our perspective, plaintiff has already had three

7    opportunities here -- the complaint, the amended complaint, the

8    opposition.  And from what was observed at the depositions,

9    really any of the material that I could see that plaintiff

10   might want to present on the subject of a motion is essentially

11   duplicative of the allegations in the complaint and really

12   wouldn't add any further arguments.  Certainly, plaintiffs

13   didn't claim that there is anything in the reply that they need

14   to respond to that was new.

15           So from our perspective, they had plenty of

16   opportunity up to this point, and even right now nothing has

17   been raised that would be new beyond what was already alleged

18   in substance if not exactly alleged in the amended complaint.

19           THE COURT:  I don't know that.  You may be right.  But

20   if there were things that came out in discovery that bolster

21   the arguments of one side or the other, that is fair game,

22   wouldn't you think?

23           MR. PEARSON:  I would, your Honor.  Although the fact

24   is that the plaintiffs need to plead their allegations, and if

25   the pleadings are inadequate, then, really, the claims ought to

C3cdconc

CONFERENCE

1   fail.  But I agree that the Court has an interest in acting on

2   full information.

3          THE COURT:  Right.

4          MR. PEARSON:  I just haven't heard anything that would

5   indicate that we need to engage in a further volley of briefs

6   here.

7          THE COURT:  Yes.  Mr. Rose, it is almost as if you are

8   suggesting that there is information that would come out in

9   discovery that would be the basis for a further amended

10  complaint that would bolster the pleading.  Is that what you

11  are saying?

12         MR. ROSE:  It is possible.  It is information that we

13  didn't have prior to filing the complaint, information that

14  wasn't within the plaintiff's --

15         THE COURT:  There is a motion to dismiss --

16         MR. ROSE:  Yes, your Honor.

17         THE COURT:  -- under 12(b)(6), right, Mr. Pearson?

18         MR. PEARSON:  That is correct, your Honor.

19         THE COURT:  There is failure to plead facts that would

20  support the causes of action.  And so if there is information

21  in discovery, that's the kind of thing I guess that is great,

22  but that is not something I am going to consider in connection

23  with this motion.  It would seem to me to inform a different

24  motion, which would a motion to amend the complaint to include

25  these new facts, which would presumably result in a different

C3cdconc
CONFERENCE

1    conclusion.  That would be what you would be saying, I think.

2              MR. ROSE:  Well, to the extent that our opposition

3    additionally requested that we be allowed to conduct discovery

4    in relation to this matter, because we don't have all the

5    information, as far as bolstering that argument, that discovery

6    should be permitted rather than dismissing because we don't

7    have all the information.

8              Or if your Honor would like, we could also submit

9    either an affidavit from the plaintiff or an affirmation citing

10   the documents just so you understand what it would be, and if

11   your Honor thinks we should amend the complaint further, then

12   you can let us know at that point.

13             THE COURT:  Again, I think it is sort of what you want

14   to be using these new facts for.  If you want these new facts

15   just to create an argument that I should allow further

16   discovery, I think that's sort of beside -- either there is

17   enough in the complaint or there is not enough in the

18   complaint.  The facts alleged in the complaint are sufficient

19   or they are not sufficient.

20             If they are not sufficient, then I dismiss with or

21   without prejudice.  And if there are additional facts that have

22   come to light that you want to include, then I guess this is

23   really a motion to amend.

24             I am trying to recall.  I don't think you indicated

25   that -- you haven't requested also an opportunity to amend as

C3cdconc
                              CONFERENCE

1    part of your papers, have you?

2              MR. ROSE:  Only if your Honor doesn't deem that the

3    claims are sufficiently pled, then we would ask to amend again.

4              THE COURT:  I am thinking.  You know what the new

5    facts are.  If you want to be safe and say you would like to

6    amend to include these new facts because they make it sort of

7    clear beyond a reasonable doubt, then I guess I would consider

8    that.  I would ask you to do a premotion letter, three pages,

9    laying out what the new facts are and how they alter the

10   analysis and what you would be adding to your pleading.

11             You know, that's up to me.  That would be within my

12   discretion to allow that.  There was an amended complaint

13   already in this case.

14             I mean, do you know what facts Mr. Rose is referring

15   to, Mr. Pearson?

16             MR. PEARSON:  Well, your Honor, I hesitate to hazard a

17   guess as to which parts of the depositions Mr. Rose is talking

18   about.

19             THE COURT:  I'm not sure if you spoke before this.

20             MR. PEARSON:  Not in detail, your Honor.  However, I

21   know that at the depositions, for instance, Mr. Rose might be

22   talking about information -- testimony that concerned the

23   purported interview that plaintiff had, which witnesses said

24   actually was more of a meet-and-greet introduction; discussing

25   whether or not Saks owned the registers that were at the

C3cdconc
                              CONFERENCE

1   cosmetics counter, you know, and the substance of some of the

2   meetings that might have happened between Saks' managers, who

3   walked the floor occasionally, as it turns out not necessarily

4   constantly, and some of the vendors in terms of just general

5   ideas regarding, OK, this is our store, here's how to conduct

6   oneself, or here are our general ground rules.

7          I mean, all of that appears in the complaint already,

8   the amended complaint at least and I believe it was even in the

9   original complaint.  So there is really nothing new here.

10  Certainly, I haven't heard anything new this morning that would

11  justify a further supplementation of the papers, which, of

12  course, the defendants will require or would request an

13  opportunity to respond to as well.

14         THE COURT:  No, I would give you that.  I guess I am

15  agreeing with you, it is not clear to me what the additional

16  information from discovery is going to add to the motion that

17  we've got.  It seems to me relevant to a different motion,

18  which is a motion to amend.

19         So if you want to make that motion, I think you should

20  do it in the usual way for me, which is a premotion letter that

21  lays out the new facts and what your amended complaint would

22  look like.  In fact, you might even want to attach an amended

23  complaint that incorporates this new information that alters

24  the analysis.  But if it is really just sort of more of what's

25  already in the complaint and you don't think it is necessary,

C3cdconc
CONFERENCE

1   then I'm not sure why I need to look under the hood because I'm

2   really just focused on what's in the pleadings, right, for this

3   motion?

4          MR. ROSE:  Yes, your Honor.  The facts that I would

5   have included relate more to the ownership of the items which

6   were then sold, which goes to the heart of whether there is an

7   employment relationship, whose goods they are selling and where

8   that money directly goes.  It is a major part of the

9   analysis --

10          THE COURT:  Right.  But, I mean, this is not a motion

11  for summary judgment.

12          MR. ROSE:  I understand.

13          THE COURT:  This is a motion to dismiss the complaint

14  for failure to allege sufficient facts, right?

15          MR. ROSE:  Yes.

16          THE COURT:  So if the facts are not in the complaint,

17  then I am not going to spend a lot of time on it.  If you are

18  telling me you would like to add those facts to the complaint,

19  then you should ask.  But otherwise I'm just going to stay

20  focused on what's in the complaint, right?

21          MR. ROSE:  Yes, your Honor.  But I do understand that,

22  I believe, under a 12(b)(6) motion, you will also be allowed to

23  consider an affidavit that would be submitted that could be

24  also included in the pleadings.

25          I am attempting not to go through additional motion

C3cdconc

CONFERENCE

1   practice, which if you granted the motion to amend then there

2   would be a new motion to dismiss which then we would have to

3   rebrief, and I was attempting to cut out the two additional

4   motions by just submitting that additional information.  If

5   your Honor doesn't want to do that, that is fine.  We can go

6   forward under the present motion.

7          THE COURT:  I haven't really given it any thought.  I

8   just want to make clear what it is you are proposing.  You are

9   proposing an affidavit?

10         MR. ROSE:  Yes.

11         THE COURT:  Was that clear to you, Mr. Pearson?

12         MR. PEARSON:  I believe I understand where the

13  plaintiff is trying to go, trying to avoid another entire

14  motion.  That's what we are trying to avoid as well, frankly.

15         If the plaintiff was permitted to file an affidavit,

16  of course that would still change the basis and the arguments

17  under the motion, at least potentially.

18         THE COURT:  I think that is the goal.  It is, in

19  essence, to get the benefit of an amended pleading.

20         (Pause)

21         The affidavit would be pursuant to what rule,

22  Mr. Rose?

23         MR. ROSE:  I believe under 12(b)(6) and the

24  interpretation, the Court would be permitted to review an

25  affidavit submitted in opposition to a motion to dismiss.  I'm

C3cdconc
CONFERENCE

1    not sure of the specific section.

2           THE COURT:  Under Section 12(d) just says, "If on a

3    motion under 12(b)(6) matters outside the pleadings are

4    presented to and not excluded by the court, the motion must be

5    treated as one for summary judgment."

6           So it seems to me that is the effect of broadening

7    this.

8           So, you know, I hadn't looked at the authority that

9    you are talking about that suggests that I can allow a party to

10   submit an affidavit that effectively amends the complaint but

11   still keeps this as a 12(b)(6) analysis, as opposed to a Rule

12   56 analysis.  I think if you want do that, you are better off

13   sending me a short letter that lays out the authority.  It may

14   all be there.  You may know this better than I do; it wouldn't

15   be the first time, I'm sure.  So do that.

16          But we will have oral argument on the 30th of April,

17   which will be here before you know it, I think, but perhaps

18   longer than what you wanted.  If you think you want to

19   supplement the pleadings in some way or supplement the record

20   in a way that's relevant to the motion, you know, get me

21   something probably by the end of this month, anyway, the next

22   couple of weeks.  OK?

23          Then, Mr. Pearson, you can respond to whatever letter

24   Mr. Rose submits.  OK?

25          MR. PEARSON:  Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.<br>(212) 805-0300

C3cdconc
                              CONFERENCE

1            THE COURT:  All right.  Well, that is what I had on my

2    agenda.  Anything else that you folks wanted to cover today?

3            MR. METIS:  Yes, your Honor.  Are we going to get a

4    date when we have to make letters for a summary judgment

5    motion?

6            THE COURT:  Yes.  What we will do is I think once I

7    resolve the motion to dismiss, then we'll set -- we'll rejigger

8    the discovery dates.  At that point I assume I'll set a new

9    post discovery conference date and a new date for premotion

10   letters on any motions.  OK?

11           You think there are likely to be motions for summary

12   judgment?

13           MR. METIS:  Yes.  We will want to make a motion for

14   summary judgment.

15           THE COURT:  OK.

16           MR. METIS:  And we can continue with discovery up

17   until --

18           THE COURT:  Yes, you folks should continue with

19   discovery.  The only wildcard is what you can't get from Saks

20   as a third party that needs to wait for the resolution of the

21   motion.  So anything that you would be getting from Saks as a

22   third party, I think you might as well be doing that.  But if

23   it is inefficient because the deposition will be significantly

24   different depending on whether or not Saks is a party, then I

25   guess we should wait.  OK?

C3cdconc
                          CONFERENCE

1            So I will defer to you on that.  I think you folks

2      probably know your case better than I do, but let's use the

3      time productively so that once the motion to dismiss is

4      resolved we can move as quickly as possible with the balance of

5      discovery.  OK?

6                MR. METIS:  Thank you.

7                THE COURT:  Great.  Thank you all.  Have a good day.

8                MR. ROSE:  Thank you, your Honor.

9                THE COURT:  If you need a copy of the transcript, you

10     can take that up with the court reporter.  You can do that now.

11     I have a trial starting but I think we've got a few minutes.

12               OK.  Thanks.

13

14                                   -  -  -

15

16

17

18

19

20

21

22

23

24

25