```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 02 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERE CONDE,

          Plaintiff,

  -against-

SISLEY COSMETICS USA, INC.,
SAKS INCORPORATED and
BHAGVAN DUGRE, Individually,

          Defendants.

---

Civil Action No. 11 CV 4010 (RA)

**PROTECTIVE ORDER**

U.S.D.J.

      All parties to this action having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case, and the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, shall adhere to the following terms, upon pain of contempt:

      1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of previously nondisclosed financial information (including without limitation, sales reports and commission statements) including any documents that contain proprietary, financial, confidential or otherwise personal documentation pertaining to Defendant Sisley.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery material that the person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.   No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)   the parties to this action and their counsel ;

(b)   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has agreed to be subject to this Order;

(c)   stenographers engaged to transcribe depositions conducted in this action; and

(d)   the Court and its support personnel.

6.   Unless otherwise agreed upon by the parties, all Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be submitted to the Court for review pursuant to Rule 4(A) of the Court's Individual Rules & Practices in Civil Cases.

7.   Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel

3

for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8. The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SCHNAUFER & METIS, LLP

By _____
PETER METIS (PM 7214)
280 North Central Avenue, Suite 200
Hartsdale, New York 10530
(914) 288-9700
(914) 288-9717 (fax)
Of Counsel to,
The Law Offices of Robert P. Oppenheim
Attorneys for Defendants
Sisley Cosmetics USA, Inc. and
Bhagvan Dugre
200 Park Avenue South, Suite 910
New York, New York 10003-1509

Phillips & Phillips
Attorney at Law, PLLC

By _____
JESSE ROSE   (JR 2409)
Attorneys for Plaintiff
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431

_____
RONNIE ABRAMS, U.S.D.J.

SO ORDERED

Dated: New York, New York
~~September~~, 2012
October 2, 2012

5